UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| QUENNEL AUGUSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04005-SLD |
| | ) |
| GALESBURG TOWER, SANDBURG VILLAGE, TIFFANY HOWARD, JANET INMAN, KWAME RAOUL, and MARY PENDRY, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

The case comes before the Court for merit review of Plaintiff Quennel Augusta's Complaint, ECF No. 1, pursuant to 28 U.S.C. § 1915(e)(2)(B), and for ruling on his motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 3. For the reasons that follow, the motion to proceed IFP is GRANTED, and the Complaint is DISMISSED.

**BACKGROUND[1]**

Plaintiff broadly alleges violations of his First, Fourth, Fifth, and Tenth Amendment rights, as well as his "[D]eclaration of [I]ndependence rights." Compl. 5–6. He also alleges that he was assaulted with deadly weapons. He complains that in July 2023, Defendants conducted an illegal traffic stop, arrested him, and searched and seized his property without probable cause. He was charged with possession of a controlled substance with intent to deliver. Plaintiff repeatedly references "corpus delicti rules," appearing to invoke these rules as the reason why no crime was committed and therefore his arrest and the seizure of his property were unlawful. *See,*

---

[1] The background facts are taken from the Complaint. The Court uses the page numbers generated by CM/ECF because the Complaint is inconsistently paginated.

1

*e.g.*, *id.* at 2, 6; *id.* at 9 ("Defendants violated my First Amend. freedom of religion of soveryn [sic] man to have and do as I want as long as no one is being harmed. No injured party no crime see Corpus Delicti Rules!" (capitalization altered)).

Plaintiff asserts that he had signed a contract for an apartment but was then denied the apartment due to his arrest by the Galesburg police. *Id.* at 9 ("The Defendants offer me the Apartments then changed there [sic] mind after I signed the contracts."). He alleges that "Defendants denied [him] a home because of a [sic] unlawful arrest of [his] private business and property" which amounts to "[d]iscrimination upon [his] rights to not be homeless." *Id.* at 2. He additionally alleges that he was forced and bribed to consent to a background check to be able to get the apartment in violation of the Tenth Amendment and that "Defendants were not given consent to check court records or the news to see if [he had] been recently arrested." *Id.* at 8–9; *see also id.* at 9 ("Defendants violated my 10th Amend[ment] right when they did a background check forcing me into consent to get the apartment see Printz vs. U.S. 521 U.S. 898 (1997) Background checks is a violation." (capitalization altered)).

Plaintiff attached several documents to the Complaint regarding his apartment application process, including his housing application for Sandburg Village, dated November 28, 2022. Appl. Occupancy, ECF No. 1-1 at 12.[2] The application is notated indicating that the information was "true and correct as of March 28, 2023." *Id.* He also provides a "Tenant Release and Consent" form, signed by Plaintiff on July 7, 2023, which "authorize[d] all persons or companies in the categories listed [on the form] to release information regarding employment, income

---

[2] The Court properly considers the exhibits attached to the Complaint in this merit review because they constitute part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *cf. Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 753 (7th Cir. 2002) ("The consideration of a 12(b)(6) motion is restricted solely to the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs.").

and/or assets for purposes of verifying information on [his] apartment rental application." Consent Form, ECF No. 1-1 at 3. Additionally, Plaintiff includes a letter dated October 6, 2023, notifying him that his application for housing at Sandburg Village was rejected because "[i]nformation/documentation collected in the processing of [his] application raised doubt about [his] ability to abide by the terms of [the company's] lease." *See* Not. Appl. Rejection 1, ECF No. 1-1 at 8.[3]

Plaintiff filed his *pro se* Complaint on January 8, 2025, suing two apartment buildings, Galesburg Tower and Sandburg Village; Kwame Raoul, the Illinois Attorney General; Tiffany Howard, a manager at Sandburg Village; Janet Inman, a manager of an unspecified entity; and Mary Pendry, a manager at Prairie Land Village.

## I.   Motion to Proceed IFP

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating his assets and that he is unable to pay such fees. Plaintiff has submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Mot. 1–5. The motion to proceed IFP is therefore GRANTED.

## II.   Merit Review

### a.   Legal Standard

A court must dismiss a complaint brought by a plaintiff proceeding IFP if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). When determining whether a complaint fails to state

---

[3] The Notice of Application Rejection indicates that it is a two-page document, but only Page One was included as an exhibit. *See* Not. Appl. Rejection 1 (designating the document as "Page 1 of 2").

a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), courts apply the same standard used when adjudicating motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court must "liberally construe[]" a *pro se* litigant's filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *id.* (quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

   b.  **Analysis**

At the outset, the Court finds that Raoul must be dismissed because the claims against him are barred by prosecutorial immunity. Plaintiff sues Raoul in his role as Illinois Attorney General. *See* Compl. 6 ("[K]wame Raoul is the attorney general for the state of Illinois and Galesburg police. Therefore Defendants our sue in capacity [sic]."). "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). An action is prosecutorial if "the prosecutor is, at the time, acting as an officer of the court" and the action is "related[] to the judicial phase of the criminal process." *Id.*

Construing the Complaint liberally, as it is required to do, the Court infers that Plaintiff seeks to hold Raoul accountable for the allegedly unlawful prosecution of Plaintiff for possession of a controlled substance with intent to deliver. Prosecuting a criminal case is an action related to the judicial phase of the criminal process, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and Raoul is therefore entitled to absolute immunity. Accordingly, pursuant to 18 U.S.C. §

1915(e)(2)(B)(iii), the claims against Defendant Kwame Raoul are DISMISSED WITH PREJUDICE.

As for the remaining Defendants—Galesburg Tower, Sandburg Village, Tiffany Howard, Janet Inman, and Mary Pendry—the claims against them must also be dismissed because the Complaint fails to state a plausible claim. A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," *id.* 8(d)(1). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Here, Plaintiff fails to identify specifically what actions each of the remaining Defendants did that violated his rights. Indeed, he does not refer to any of the Defendants individually except Raoul—all of his allegations are against "Defendants," but he does not specify which Defendant did each allegedly unlawful action. To survive dismissal, a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (alterations and quotation marks omitted). But here, the lack of factual detail renders it impossible for any Defendant to be put on notice of what they allegedly did wrong. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed.").

Because the Complaint fails to provide fair notice to Defendants Galesburg Tower, Sandburg Village, Tiffany Howard, Janet Inman, and Mary Pendry, the claims against them are DISMISSED WITHOUT PREJUDICE.

As a final matter, the Court notes that an exhibit attached to the Complaint contains Plaintiff's full Social Security number in violation of Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A). *See* Appl. Occupancy, ECF No. 1-1 at 12. Plaintiff is reminded that he must redact private information and use only the last four digits of his Social Security number in court filings. The Court directs the Clerk to SEAL the exhibits attached to the Complaint, ECF No. 1-1.

## CONCLUSION

For the foregoing reasons, Plaintiff Quennel Augusta's motion for leave to proceed *in forma pauperis*, ECF No. 3, is GRANTED, and his Complaint, ECF No. 1, is DISMISSED. The claims against Defendant Kwame Raoul are DISMISSED WITH PREJUDICE, and the claims against Defendants Galesburg Tower, Sandburg Village, Tiffany Howard, Janet Inman, and Mary Pendry are DISMISSED WITHOUT PREJUDICE. If Plaintiff believes he can cure the deficiencies identified in this Order, he may file a motion to amend his complaint and attach the proposed amended complaint as an exhibit. The Court does not accept piecemeal amendments. Any motion to amend is due by May 15, 2025.

The Clerk is directed to SEAL the exhibits attached to the Complaint, ECF No. 1-1.

Entered this 24th day of April, 2025.

                                                       s/ Sara Darrow
                                                      SARA DARROW
                                           CHIEF UNITED STATES DISTRICT JUDGE